# IN THE UNITED STATES DISTRICT COURT FOR THE
# EASTERN DISTRICT OF OKLAHOMA

ROBIN D. PERKINS, )
)
Plaintiff, )
)
v. ) Case No. CIV-10-180-RAW
)
MICHAEL J. ASTRUE, )
Commissioner of Social )
Security Administration, )
)
Defendant. )

## REPORT AND RECOMMENDATION

Plaintiff Robin D. Perkins (the "Claimant") requests judicial review of the decision of the Commissioner of the Social Security Administration (the "Commissioner") denying Claimant's application for disability benefits under the Social Security Act. Claimant appeals the decision of the Administrative Law Judge ("ALJ") and asserts that the Commissioner erred because the ALJ incorrectly determined that Claimant was not disabled. For the reasons discussed below, it is the recommendation of the undersigned that the Commissioner's decision be REVERSED and REMANDED for further proceedings.

### Social Security Law and Standard of Review

Disability under the Social Security Act is defined as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment. . ."

42 U.S.C. § 423(d)(1)(A). A claimant is disabled under the Social Security Act "only if his physical or mental impairment or impairments are of such severity that he is not only unable to do his previous work but cannot, considering his age, education, and work experience, engage in any other kind of substantial gainful work which exists in the national economy. . ." 42 U.S.C. §423(d)(2)(A). Social Security regulations implement a five-step sequential process to evaluate a disability claim. *See*, 20 C.F.R. §§ 404.1520, 416.920.[1]

Judicial review of the Commissioner's determination is limited in scope by 42 U.S.C. § 405(g). This Court's review is limited to

---

[1] Step one requires the claimant to establish that he is not engaged in substantial gainful activity, as defined by 20 C.F.R. §§ 404.1510, 416.910. Step two requires that the claimant establish that he has a medically severe impairment or combination of impairments that significantly limit his ability to do basic work activities. 20 C.F.R. §§ 404.1521, 416.921. If the claimant is engaged in substantial gainful activity (step one) or if the claimant's impairment is not medically severe (step two), disability benefits are denied. At step three, the claimant's impairment is compared with certain impairments listed in 20 C.F.R. Pt. 404, Subpt. P, App. 1. A claimant suffering from a listed impairment or impairments "medically equivalent" to a listed impairment is determined to be disabled without further inquiry. If not, the evaluation proceeds to step four, where claimant must establish that he does not retain the residual functional capacity ("RFC") to perform his past relevant work. If the claimant's step four burden is met, the burden shifts to the Commissioner to establish at step five that work exists in significant numbers in the national economy which the claimant – taking into account his age, education, work experience, and RFC – can perform. Disability benefits are denied if the Commissioner shows that the impairment which precluded the performance of past relevant work does not preclude alternative work. *See generally,* Williams v. Bowen, 844 F.2d 748, 750-51 (10th Cir. 1988).

two inquiries: first, whether the decision was supported by substantial evidence; and, second, whether the correct legal standards were applied. Hawkins v. Chater, 113 F.3d 1162, 1164 (10th Cir. 1997)(citation omitted). The term "substantial evidence" has been interpreted by the United States Supreme Court to require "more than a mere scintilla. It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Richardson v. Perales, 402 U.S. 389, 401 (1971) (quoting Consolidated Edison Co. v. NLRB, 305 U.S. 197, 229 (1938)). The court may not re-weigh the evidence nor substitute its discretion for that of the agency. Casias v. Secretary of Health & Human Servs., 933 F.2d 799, 800 (10th Cir. 1991). Nevertheless, the court must review the record as a whole, and the "substantiality of the evidence must take into account whatever in the record fairly detracts from its weight." Universal Camera Corp. v. NLRB, 340 U.S. 474, 488 (1951); see also, Casias, 933 F.2d at 800-01.

### Claimant's Background

Claimant was born on September 30, 1966 and was 40 years old at the time of the ALJ's decision. Claimant completed her education through the twelfth grade. Claimant has worked in the past as a book binder and meat packager. Claimant alleges an

inability to work beginning May 13, 2003 due to limitations resulting from foot problems, a hip injury, neck spasms, carpal tunnel syndrome, and memory loss due to medication.

**Procedural History**

On May 25, 2004, Claimant protectively filed for disability insurance benefits under Title II (42 U.S.C. § 401, *et seq.*) and supplemental security income pursuant to Title XVI (42 U.S.C. § 1381, *et seq.*) of the Social Security Act. Claimant's applications were denied initially and upon reconsideration. On June 15, 2006, an administrative hearing was held before ALJ James Jordan but he retired without making a decision. As a result, a second hearing was conducted on March 29, 2007 by ALJ Lantz McClain in Tulsa, Oklahoma. On May 24, 2007, the ALJ issued an unfavorable decision on Claimant's applications, which was upheld by the Appeals Council. On February 26, 2009, this Court reversed the ALJ's decision and remanded the case to Defendant for further proceedings.

On September 23, 2009, a further administrative hearing was conducted by ALJ McClain. On December 16, 2009, the ALJ entered another unfavorable decision. On request by Claimant, the Appeals Council granted Claimant an extension of time to May 13, 2010 to commence a civil action. The decision of the ALJ represents the

Commissioner's final decision for purposes of further appeal. 20 C.F.R. §§ 404.981, 416.1481.

### Decision of the Administrative Law Judge

The ALJ made his decision at step five of the sequential evaluation. He determined that while Claimant suffered from severe impairments, she did not meet a listing and retained the residual functional capacity ("RFC") to perform a full range of sedentary work.

### Errors Alleged for Review

Claimant asserts the ALJ committed error in: (1) improperly substituting his own opinion for that of the examining and consultative physicians; and (2) posing an improper hypothetical question to the vocational expert who testified at the administrative hearing.

### Consideration of Physician's Opinions

Claimant first contends the ALJ rejected the opinions of Dr. John W. Hickman, a consultative psychologist and Dr. Donna Noland, an examining psychologist. Dr. Noland examined Claimant on September 8, 2004. She concluded at Axis I: Major Depression, Severe, Recurrent; Axis II: No diagnosis; Axis III: Deferred; Axis IV: Problems with access to health care services, educational problems, occupational problems, economic problems; Axis V: GAF of

44. (Tr. 212). Claimant reported she was depressed, angry and anxious. Current suicidal ideation was present, without plan or intent and with no history of attempts. She stated that she almost never sleeps and has no energy. She has frequent thoughts of death, feelings of helplessness and hopelessness, depression, low self-esteem, loss of interest in previously enjoyed activities, and impairment in social relationships. (Tr. 209). Claimant's memory and concentration was found to be average. (Tr. 210).

Dr. Nolan concluded that

> [Claimant's] application for disability seems to be based on both mental and physical factors and this should be taken into account when determining her eligibility for SSI/Disability, as the combination of mental and physical symptoms leads to greater impairment and makes her less likely to be successful in the job setting. She will have difficulty functioning in most work settings at the present time due to symptoms of depression such as low energy, severe sleep problems, and emotional lability. Her ability to handle the stress of a work setting and deal with coworkers and supervisors is below average. [Claimant] was encouraged to seek mental health treatment and was given several referrals.

(Tr. 213).

After the initial hearing, the ALJ propounded questions concerning Claimant's psychological state to Dr. John Hickman on June 21, 2006. Dr. Hickman responded that Claimant did not fully take advantage of mental health treatment because she believed her problems to be physical in nature. While she did take Zoloft as

prescribed, she did not participate in group therapy or acknowledge any psychological difficulties. The medical records were suggestive of a pain disorder with psychological and medical factors and a histrionic personality disorder.

Dr. Hickman noted that the medical records indicated Claimant would have difficulty with prolonged standing and walking because of plantar fascitis in both feet. Claimant was also anticipated to have difficulty bending and lifting because of her degenerative spinal changes, particularly at L4-5, where Claimant was noted to have a bulging disc with some nerve root difficulties. (Tr. 326). Dr. Hickman also concluded that sedentary employment for Claimant is possible and referral to vocational rehabilitation services and treatment of her depression might be productive. (Tr. 326-27).

On June 28, 2006, Dr. Hickman completed a Mental Medical Source Statement on Claimant. He noted moderate limitation in Claimant's ability to work in coordination with or proximity to others without being distracted by them; the ability to complete a normal workday and workweek without interruptions from psychologically based symptoms and to perform at a consistent pace without an unreasonable number and length of rest periods; and the ability to get along with coworkers or peers without distracting them or exhibiting behavioral extremes. (Tr. 329).

7

The ALJ's first decision was reversed and the case remanded for further proceedings based, in part, upon his failure to properly consider the opinions of Drs. Noland and Hickman. (Tr. 504). After a further administrative hearing, the ALJ maintained his original rejection of these consultative physicians' opinions in his subsequent decision. The ALJ stated with regard to Dr. Hickman that he is not a medical doctor and, therefore, his opinions on exertional limitations were given little weight. The ALJ further states that "[w]hile Dr. Hickman's opinion about claimant's concentration, persistence and pace may be reasonable based on written records, the claimant's testimony (discussed elsewhere in this opinion), gives way to a greater residual functional capacity." (Tr. 485).

While Dr. Hickman's opinion is not entitled to controlling weight since he is a consultative psychologist, the ALJ must consider it and provide specific, legitimate reasons for rejecting it. Doyal v. Barnhart, 331 F.3d 758, 764 (10th Cir. 2003). The reason provided by the ALJ was that the opinion was in conflict with Claimant's testimony. The ALJ appears to have ignored, however, Dr. Hickman's statements regarding Claimant's inability to recognize her mental health problems and, instead, believed her problems to all be physical. Moreover, the ALJ does not

specifically reference Claimant's testimony which supports a finding of a greater RFC than supported by Dr. Hickman's opinion.

With regard to Dr. Nolan, the ALJ acknowledges Dr. Nolan's conclusions concerning Claimant's limitations upon her employability. The ALJ, however, rejects Dr. Nolan's opinion because it was "based upon one meeting which was guided by the Claimant's subjective statements, not on medical records or personality testing." (Tr. 486). The rejection of the opinion of a consultative physician on this basis is not supported if the consultative opinion is the only medical evidence available. Reid v. Chater, 71 F.3d 372, 374 (10th Cir. 1995). In this case, Claimant failed to recognize any mental impairment on her own and had no treating psychologist. Dr. Nolan and Dr. Hickman provided the only specific opinions on Claimant's mental status in the record. On remand, the ALJ shall consider the opinions of Dr. Nolan and Dr. Hickman further in light of the fact that Claimant's contrary testimony may not be reliable based upon her noted failure to recognize her mental condition.

**Vocational Expert Questioning**

Claimant also contends the ALJ provided improper hypothetical questions to the vocational expert employed in this case. Specifically, the ALJ failed to include the three areas of moderate

limitation provided by Dr. Hickman. Since further consideration of Dr. Hickman's opinion has been ordered, the ALJ shall consider on remand whether it appropriate to pose hypothetical questions to the vocational expert which reflect Dr. Hickman's limitations.

## Conclusion

The decision of the Commissioner is not supported by substantial evidence and the correct legal standards were not applied. Therefore, the Magistrate Judge recommends for the above and foregoing reasons, the ruling of the Commissioner of Social Security Administration should be **REVERSED and the matter REMANDED** for further proceedings consistent with this Order. The parties are herewith given fourteen (14) days from the date of the service of these Report and Recommendation to file with the Clerk of the court any objections, with supporting brief. Failure to object to the Report and Recommendation within fourteen (14) days will preclude appellate review of this decision by the District Court based on such findings.

DATED this 29th day of August, 2011.

KIMBERLY E. WEST
UNITED STATES MAGISTRATE JUDGE